IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIEN LEE, | No  C-04-2636 VRW |
|     Plaintiff, | ORDER |
|     v |  |
| CHARLES C PLUMMER et al, |  |
|     Defendants. |  |

Plaintiff Sien Lee brings this action under 42 USC § 1983 claiming various civil rights violations. Doc #1. Plaintiff also asserts various tort claims against defendants pursuant to the California Tort Claims Act of 1963 (CTCA). Id. Currently pending before the court is plaintiff's motion for relief pursuant to Cal Gov't Code § 946.6 from the CTCA's claims presentation requirement, Cal Gov't Code § 954.4. Doc #26. For the reasons that follow, the court DISMISSES plaintiff's motion for relief and ORDERS plaintiff to file an amended complaint within twenty days, identifying the "Doe" defendants in her complaint and the federal claims brought against them. Further, the court sua sponte modifies its January

17, 2005, order to GRANT defendants' motion to dismiss with respect to plaintiff's claims related to medical treatment against the Sheriff of Alameda County ("the Sheriff").

## I

### A

This case arises out of plaintiff's two-week confinement at the Santa Rita Jail for civil contempt from June 18, 2003, to July 1, 2003. Doc #22 at 1, ¶1. Plaintiff alleges, inter alia, that defendants denied her adequate medical care and access to legal materials while confined at the jail. Id.

The allegations of plaintiff's complaint are laid out in detail in the court's January 17, 2005, order, in which the court held that plaintiff may proceed against the Sheriff in his official capacity on her federal access-to-courts claim, against the Sheriff on her state medical negligence claim and against the County on her federal access-to-courts claim. Doc #16 at 12:19-22. In addition, the court held that plaintiff may obtain discovery as appropriate on the identities of the "Doe" defendants. Id at 12:22-23. Further, on May 10, 2005, the court ordered plaintiff to file an amended complaint within twenty days of the present order, identifying the "Doe" defendants named in her complaint. Doc #30.

### B

Under California law, for a plaintiff to bring state law tort claims against state and local public entities, the plaintiff must comply with the strict procedural requirements enumerated in the CTCA, including the CTCA's requirement that a claimant must

2

1 first file a written claim with the proper public entity.  See Cal
2 Gov't Code §§ 815, 905, 905.2.  On June 16, 2004, plaintiff
3 presented a claim for damages against the Sheriff to the Alameda
4 County Board of Supervisors (the "Board") pursuant to Cal Gov't
5 Code § 905.  Doc #26 at 1, ¶2.  On that same date, plaintiff
6 submitted an application to the Board to file a late claim pursuant
7 to Cal Gov't Code § 911.4.  Doc #22, Ex A.

8      On June 22, 2004, the Board returned plaintiff's claim
9 for damages as untimely because it was not presented within the six
10 month period provided in Cal Gov't Code § 911.2.  Id.  The Board
11 also rejected plaintiff's application to file a late claim.  Id.

12      On June 30, 2004, plaintiff filed the present action.
13 Doc #1.  On that same date, plaintiff filed a "near-identical"
14 action in the Alameda superior court.  Doc #22, Ex #1; Doc #26 at 2
15 n1.  The Alameda superior court stayed that action on December 8,
16 2004, pending determination of plaintiff's action before this
17 court.  Doc #22, Ex #2.

18      On December 17, 2004, plaintiff filed a motion in the
19 Alameda superior court pursuant to Cal Gov't Code § 946.6 for
20 relief from the CTCA's claims presentation requirement.  Doc #22,
21 Ex #1.  On January 12, 2005, the Alameda superior court declined to
22 consider plaintiff's motion for relief from the CTCA's claims
23 presentation requirement in view of its previously entered stay.
24 Doc #22, Ex #2.  On April 14, 2005, plaintiff filed the present
25 motion in this court.  Doc #22.

II

28      Before turning to plaintiff's motion, the court must

3

first address the scope of the claims subject to the CTCA's claims presentation requirement. Specifically, the court must correct its January 17, 2005, order denying defendants' FRCP 12(b)(6) motion to dismiss plaintiff's state law claims against the Sheriff related to medical treatment.

The short of it is that the claims presentation requirement, which the court held applied to plaintiff's state law claims against the County, applies equally to state law claims against the Sheriff. Defendants' papers filed on the motion to dismiss are far from a model of clarity, see Doc #7 at 3 (discussing claims presentation only in regard to the County); Doc #15 at 2 (same), but the court will correct its misstatement of the law in the interest of consolidating the claims presentation issues in this case.

With respect to the Sheriff, the court must acknowledge the requirements of Cal Gov't Code § 950 et seq, Chapter 3 ("Actions Against Public Employees"). Cal Gov't Code § 950.2 bars a cause of action against a public employee for injury resulting from an act or omission in the scope of his employment as a public employee if an action against the employing public entity (here, the County, as the Sheriff is a county official, Cal Gov't Code § 24000(b)) for such injury is barred under Cal Gov't Code §§ 911.2, 911.4, 911.6, 945.4 and 946.6. Moreover, the law revision commission comments following the 1965 amendment to Cal Gov't Code § 950.2 make clear "that suit against a public employee or former employee is barred when a suit against the entity is barred (1) by failure to present any claim at all or (2) by presenting a claim that is insufficient, too late or for any other reason inadequate

4

to support an action against the employing public entity."

Because plaintiff has not (yet) met the CTCA's claims presentation requirements, as evidenced by plaintiff's motion for relief, plaintiff's cause of action for her state tort claims against the Sheriff is barred.  See <u>Olden v Hatchell</u>, 154 Cal App 3d 1032, 1034 (1984) ("Presentation of a claim against a public employee or former public employee for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to the maintenance of an action against the employee, but presentation of a claim against the employing public entity is a prerequisite to bringing such an action."); see also <u>Dennis v Thurman</u>, 959 F Supp 1253 (C D Cal 1997) ("When defendants are public employees, the plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law.").

Accordingly, plaintiff may not proceed against the Sheriff on her state medical negligence claim until the CTCA's claims presentation requirement is met.  The court therefore modifies its January 17, 2005, order to GRANT defendants' motion to dismiss plaintiff's claims related to medical treatment.

III

Turning to the present motion, the court concludes it lacks jurisdiction over a motion for relief from the CTCA's claims presentation requirement.  The court finds no reason to depart from its prior holding in <u>Hernandez v McClanahan</u>, 996 F Supp 975 (N D Cal 1998) (Walker, J), that a federal court lacks subject matter jurisdiction over a petition for judicial relief from denial of a

1  state application to file an untimely CTCA claim.

2  In <u>Hernandez</u>, the court held that "[t]his court is not
3  the 'proper court' to hear [plaintiff's] section 946.6 petition."
4  Id at 978 (quoting Cal Gov't Code § 946.6; citing <u>Leurs v Smith</u>,
5  941 F Supp 105, 107 (C D Cal 1996)).  This court based its decision
6  on the legislative history of Cal Gov't Code § 946.6, the <u>Luers</u>
7  decision and principles of sovereign immunity and concluded that
8  "[a]bsent an express directive from the legislature to the
9  contrary, the court lacks subject matter jurisdiction to consider
10 section 946.6 petitions."  Id.

11 The facts now before the court are indistinguishable from
12 the facts before the court in <u>Hernandez</u>.  In <u>Hernandez</u>, plaintiff
13 brought an action against several public entities and their
14 employees under 42 USC § 1983 claiming various civil rights
15 violations.  Id at 976.  Hernandez also asserted various state law
16 tort claims against the defendants and petitioned this court for
17 relief from the CTCA's claims presentation requirements.  Id.
18 Based on these facts and the applicable law the court explored in
19 its decision, the court dismissed plaintiff's Cal Gov't Code §
20 946.6 motion for lack of subject matter jurisdiction.  Id at 979.
21 Likewise, plaintiff here brings an action against a public entity
22 and its employees under 42 USC § 1983 claiming various civil rights
23 violations.  Plaintiff also asserts various state law tort claims
24 against the defendants and now petitions the court for relief from
25 the CTCA's claims presentation requirement.  <u>Hernandez</u> applies here
26 with full force.

27 In <u>Perez v City of Escondido</u>, another court rejected the
28 <u>Luers</u> and <u>Hernandez</u> decisions and held that a federal district

6

1 court has jurisdiction to consider a motion for relief pursuant to
2 Cal Gov't Code § 946.6.  165 F Supp 2d 1111, 1115 (S D Cal 2001).
3 The <u>Perez</u> court stated that "[w]hat the court in <u>Hernandez</u> ignores
4 is that the state of California has explicitly, by and through the
5 California Tort Claims Act, waived sovereign immunity in certain
6 particular circumstances.  Therefore, the question is not whether
7 the state has intended to waive its immunity."  Id.  This court
8 recognizes that the CTCA is a waiver of sovereign immunity "in
9 certain particular circumstances."  But the relevant question is
10 under <u>what</u> "certain particular circumstances" did the state waive
11 its sovereign immunity, and, narrowly construed, that waiver
12 extends only to proceedings in the sovereign's own courts -- ie,
13 the state superior court.

14        There is no indication that the state intended to extend
15 the scope of its waiver of sovereign immunity to grant a federal
16 court concurrent jurisdiction over motions for relief pursuant to
17 Cal Gov't Code § 946.6.  The <u>Perez</u> court reasoned that since "there
18 is no plain language in section 946.6 depriving [a federal court]
19 of jurisdiction," a federal court may exercise jurisdiction over
20 motions for relief pursuant to Gov't Code § 946.6.  While the <u>Perez</u>
21 court is correct in finding that there is no plain language in Cal
22 Gov't Code § 946.6 depriving a federal court of jurisdiction over
23 motions for relief pursuant to Cal Gov't Code § 946.6, the <u>Perez</u>
24 court fails to recognize that since there is no plain language in
25 Cal Gov't Code § 946.6 <u>granting</u> a federal court jurisdiction over
26 motions for relief pursuant to Cal Gov't Code § 946.6, a federal
27 court has no jurisdiction over such motions.

28        This court reiterates that "[w]aiver [of sovereign

7

immunity] by a state statute must be found in the express language of the statute or by 'such overwhelming implications from the text as [to] leave no room for any other reasonable construction'.  In other words, federal courts cannot assume that a state has waived its sovereign immunity unless the state has explicitly done so." Hernandez, 996 F Supp at 978 (quoting Edelman v Jordan, 415 US 651, 673 (1974)).  There is no express language or any overwhelming implication from the text in Cal Gov't Code § 946.6 from which a federal court can reasonably construe a grant of jurisdiction.

Accordingly, the court DISMISSES plaintiff's motion for relief from the CTCA's claims presentation requirement for lack of subject matter jurisdiction.  The court notes that if plaintiff successfully petitions the appropriate state court for relief from the CTCA's claims presentation requirement, she may then seek to pursue her state tort claims in this court.  While the court acknowledges plaintiff's frustration at the "game" she alleges defendants are playing with her (Doc #29 at 1:24), the court must play by the rules of the game, notably the principles of sovereign immunity and the rules of statutory construction.  The court finds no reason why the superior court should not at this time entertain plaintiff's motion for relief from the CTCA's claims presentation requirement.

IV

There is no reason to delay the proceedings in this court pending resolution of plaintiff's motion for relief in the superior court.  All parties to the state law tort claims remain in the case on federal claims and the court will liberally grant plaintiff

leave to amend her complaint to reassert her state law tort claims if she prevails in the superior court.

Per the court's May 5, 2005 order, plaintiff shall within twenty days file an amended complaint identifying the "Doe" defendants named in her complaint. Doc #30. Although plaintiff's state tort claims against the "Doe" defendants are now futile until plaintiff's motion for relief has been adjudicated in the superior court, the court sees no obstacle to plaintiff amending her complaint to identify the "Doe" defendants and state the federal claims brought against them.

V

In sum, the court DISMISSES plaintiff's motion for relief from the CTCA's claims presentation requirement (Doc #22) for lack of jurisdiction; modifies its January 17, 2005, order to GRANT defendants' motion to dismiss with respect to plaintiff's state tort claims against the Sheriff; ORDERS plaintiff to file an amended complaint within 20 days identifying the "Doe" defendants and the federal claims brought against them; and ORDERS the parties to appear for a further case management conference on August 9, 2005, at 9:00 am, or on such other date as the parties arrange with the court room deputy, Ms Cora Delfin, 415-522-2039.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge